**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
CASE NO. 0:21-cv-61275-RAR

WENSTON DESUE, *individually and as*
*legal guardian of N.D. and M.D. and all*
*others similarly situated,*

      Plaintiff,

v.

20/20 EYE CARE NETWORK, INC., *et al*

      Defendants.

AND ALL CONSOLIDATED ACTIONS
_____

Consolidated with:
    0:21-cv-61292
    0:21-cv-61302
    0:21-cv-61357
    0:21-cv-61406
    0:21-cv-61755

**JOINT MOTION TO STAY PROCEEDINGS**

Defendants, 20/20 Eye Care Network, Inc. ("ECN") and iCare Acquisition, Inc. ("iCare") (collectively, "Defendants") and plaintiffs, Stephany Alcala; Benjamin J. Liang; Amber Lowe, on behalf of herself and her minor children C.B., K.B., M.B., and G.M.; David Runkle; and Suzanne Johnson ("Plaintiffs") (collectively, the "Parties"), jointly move for a ninety (90) day stay of the proceedings to commence on May 30, 2022 to allow the Parties' to engage in formal settlement discussions and mediation, and in support state as follows:

**I.**      **INTRODUCTION**

    1.      By way of background, Plaintiffs filed this action as a result of a data incident involving the unauthorized access to defendant ECN's system in January 2021 ("Data Incident"). After reporting the Data Incident to the FBI, *see* [ECF No. 33-1, at 4], defendant ECN provided notice to various state regulators in and around May 2021.  Afterwards, various plaintiffs began filing class action lawsuits against ECN and its parent company, iCare, with a total of six ultimately

filed. This Court consolidated those cases and required a consolidated complaint be filed.  [ECF Nos. 8, 22, 23, & 35].  In doing so, this Court also stayed discovery pending the outcome of anticipated dispositive motions.  [ECF No. 30].  No comprehensive scheduling order has been entered to date.

2.        On September 1, 2021, Plaintiffs filed a First Amended Class Action Complaint ("FAC"), asserting claims for negligence, unjust enrichment, violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and breach of confidence against Defendants and now former defendant 20/20 Hearing Care Network, LLC ("HCN"). All the defendants to the FAC sought dismissal under Federal Rules of Civil Procedure 12(b)(1) and (b)(6).  [ECF No. 40]. Although this Court found the Plaintiffs have standing, the Court dismissed the FAC's claims for negligence, unjust enrichment, breach of confidence and Plaintiffs' claims under FDUTPA without prejudice, granting leave to amend.

3.        Thereafter, on March 29, 2022, Plaintiffs filed their Second Amended Class Action Complaint ("SAC").  [ECF No. 52]. Plaintiffs' SAC asserted individual claims for negligence against ECN and iCare, respectively, and alleged an additional claim for negligent supervision against ECN.  Plaintiffs also reasserted a claim for injunctive relief under FDUTPA. On April 26, 2022, Defendants moved to dismiss the SAC in the entirety based on challenges pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6).  [ECF No. 60].

4.        On May 06, 2022, Plaintiffs filed their Unopposed Motion for Leave to File Third Amended Class Action Complaint. [ECF No. 60]. This Court granted Plaintiffs' motion, permitting Plaintiffs until May 30, 2022, to file a third amended complaint and mooting Defendants' motion to dismiss. [ECF Nos. 63, 64].  Thus, there is currently no operative pleading in this action.

5.      Thereafter, on May 10, 2022, this Court entered an order in *In re Mednax Services, Inc., Customer Data Security Breach Litigation*, No. 21-MD-02994-RAR (S.D. Fla. May 10, 2022) ("*Mednax*") granting in part, and denying in part, defendants' motion to dismiss. The Court's analysis and ruling in *Mednax* provides guidance to the Parties on the comparative strength of Plaintiffs' claims, as well as Defendants' bases for challenging those claims.

6.      Rather than engage in costly motion practice for another round of dismissal briefing, the Parties are respectfully seeking a stay in proceedings for ninety (90) days to allow meaningful and comprehensive settlement discussions to occur, including the selection of an agreed mediator and scheduling and attending formal mediation.  This Joint Motion is brought in good faith and is not being filed for the purpose of undue delay. Further, a stay is justified because it would promote judicial economy, reduce the burden of litigation, and the request is for a limited period of time.

## II.    ARGUMENT

### A.    Legal Standard.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). So long as a stay does not prove "immoderate"—that is to say, too long, too indefinite, or without proper justification—the decision to stay is bounded only by the district court's discretion.  *See NIACFF, Inc. v. Cold Stone Creamery, Inc.*, No. 12-20756- Civ., 2012 WL 1852941, at *1 (S.D. Fla. May 21, 2012).  And "[f]ederal courts may exercise their discretion to stay proceedings when a stay would promote judicial economy and efficiency."  *Id.*  In particular, a stay is appropriate

3

where there "is the possibility of avoiding unnecessary expenses while the parties engage in mediation or settlement discussions that might conserve the parties' resources and promote judicial economy." *Chico v. Dunbar Armored, Inc.*, No. 17-22701-CIV, 2017 WL 4476334, at *2 (S.D. Fla. Oct. 6, 2017)

Here, a review of these factors counsels in favor of a stay. A stay would (i) promote judicial economy and efficiency; (ii) is justified because it will reduce the burden of litigation for the Parties, including dismissal briefing and ensuing discovery; and (iii) would not be "immoderate" because the requested stay would be relatively short.

**B.      A Stay Will Promote Judicial Economy by Encouraging Settlement.**

Granting a stay will promote judicial economy because the stay would avoid burdening the Court with further dismissal briefing, scheduling deadlines, and subsequent discovery. The Parties intend to engage in good-faith settlement discussions and mediation during the stay. If Plaintiffs' claims are resolved through settlement, it would necessarily moot any pending motion to dismiss and the need for the Court's ruling thereon. *See Morrissey v. Subaru of Am., Inc.*, No. 1:15-CV-21106-KMM, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015) (explaining that a stay promotes judicial economy and efficiency "by avoiding the litigation of issues that may become irrelevant or moot."). Moreover, the Eleventh Circuit has recognized the importance of class action settlements in conserving judicial resources. *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021) ("Settlements also save the bench and bar time, money, and headaches . . . The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals.") (internal quotations and citations omitted). Accordingly, judicial economy would be furthered by a stay while the Parties seek a settlement resolution, including a robust mediation.

**C.**     **A Stay Would Reduce the Burden of Litigation on the Parties and Would Not Cause the Parties Any Harm.**

The Parties will incur unnecessary harm and expense if this case is not stayed during the Parties' settlement discussions. Particularly, Plaintiffs will need to file their TAC and the Parties will engage in a third round of dismissal briefing. Not only will this impose significant costs on the Parties, it would also hinder any potential settlement discussions and mediation because the Parties would be hesitant to candidly exchange information in aide of settlement while at the same zealously litigating dismissal. With the benefit of the Court's recent ruling in *Mednax*, the Parties are keenly aware of both the strengths and weaknesses of their respective positions. At this juncture, the Parties can enter settlement discussions and mediation with the benefit of the Court's *Mednax* ruling without having to potentially litigate the same issues presented therein. *See, e.g., Danner Const. Co. v. Hillsborough Cnty.*, No. 8:09-CV-650-T-17TBM, 2009 WL 3055315, at *2 (M.D. Fla. Sept. 24, 2009) (holding that a stay was warranted to avoid "unnecessary . . . litigation expenses").

Further, the Parties will not suffer any undue prejudice from a short stay. To the contrary, the Parties would benefit from a stay by directing resources into settlement negotiations and selecting, scheduling, and hiring an agreed mediator as opposed to continued litigation. On this basis, the Court should find in favor of entering a stay.

**D.**     **The Requested Stay Is For A Short Period of Time.**

Finally, the proposed stay is for a relatively short and definite period of time. The Parties seek a stay in proceedings for ninety days to allow the Parties to focus their attention on a potential resolution and mediation without any impending filing deadlines, to provide the Parties enough time to select an agreed upon mediator with availability during the summer months, and to fully

prepare for and complete the mediation. Thus, the stay is not immoderate and is supported by the reasons discussed above.

   **WHEREFORE**, the Parties respectfully request that this Court enter the proposed Joint Order, attached as "**Exhibit A**," staying this case for ninety (90) days, to commence on May 30, 2022, and grant any further relief it deems necessary.

Dated:  May 19, 2022

By:

| **MORGAN & MORGAN COMPLEX LITIGATION GROUP** | **HOLLAND & KNIGHT LLP** |
|---|---|
| */s/ Francesca Kester* | */s/ Caitlin F. Saladrigas* |
| Francesca Kester | Caitlin F. Saladrigas |
| Florida Bar Number: 1021991 | Florida Bar Number: 95728 |
| Jean S. Martin (admitted pro hac vice) | Caitlin.Saladrigas@hklaw.com |
| 201 N. Franklin Street, 7th Floor | HOLLAND & KNIGHT LLP |
| Tampa, FL 33602 | 777 South Flagler Drive, |
| T: (813) 223-5505 | Suite 1900, West Tower |
| fkester@forthepeople.com | West Palm Beach, Florida 33401 |
| jmartin@forthepeople.com | (561) 833-2000 Telephone |
| | (561) 650-8399 Facsimile |
| ***Counsel for Plaintiffs and the Proposed Class*** | Mark S. Melodia (admitted *pro hac vice*) |
| | Mark.Melodia@hklaw.com |
| | 31 West 52nd Street, 12th Floor |
| | New York, New York 10019 |
| | Telephone: (215) 513-3583 |
| | Alexander M. Dudley |
| | Florida Bar Number: 1017976 |
| | Alexander.Dudley@hklaw.com |
| | 515 East Las Olas Boulevard, Suite 1200 |
| | Fort Lauderdale, Florida 33201 |
| | (954) 525-1000 Telephone |
| | (954) 463.2030 Facsimile |
| | ***Attorneys for Defendants*** |

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on May 19, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which caused it to be served on all counsel of record.

<u>/s/ <i>Francesca Kester</i>  </u>
Francesca Kester

**<u>NOTICE OF ENDORSEMENT</u>**

Pursuant to the CM/ECF Administrative Procedure 3J(3), the undersigned hereby certifies that counsel for Defendants authorized me to file this Joint Motion to Stay Proceedings on their behalf with their electronic signatures affixed hereto.

<u>/s/ <i>Francesca Kester</i>  </u>
Francesca Kester
