UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-61275-RAR

**WENSTON DESUE**, *individually and
as legal guardian of N.D. and M.D.
and all others similarly situated*,

    Plaintiff,

v.

**20/20 EYE CARE NETWORK, INC.**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING STAY AND
## DIRECTING CLERK TO ADMINISTRATIVELY CLOSE CASE

**THIS CAUSE** comes before the Court upon the parties' Joint Motion to Stay Proceedings [ECF No. 65] ("Motion"), filed on May 19, 2022. The parties request that the Court stay further proceedings in this action for ninety (90) days in order for the parties to engage in formal settlement discussions and mediation. Mot. at 3.

A district court has broad discretion to stay proceedings incident to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 683 (1997). In the absence of a dispositive motion, courts have considered the following factors when evaluating whether to stay an action: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. *Chico v. Dunbar Armored, Inc.*, No. 17-22701, 2017 WL 4476334, at *2 (S.D. Fla. Oct. 6, 2017) (quotations omitted) (cleaned up). Further, granting a stay to permit mediation (or to require it) will often be appropriate. *See Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008).

Here, the Court finds that the scope of the stay requested by the parties is justified. The parties request a ninety (90) day stay to engage in meaningful settlement discussions and mediation in light of the Court's recent orders in this case, as well as the Court's recent order granting in part, and denying in part, defendant's motion to dismiss in *In re Mednax Services, Inc., Customer Data Security Breach Litigation*, No. 21-MD-02994-RAR (S.D. Fla. May 10, 2022). Additionally, implementing a stay at this juncture will not prejudice either party and will reduce the burden on the parties and the Court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Joint Motion to Stay Proceedings [ECF No. 65] is **GRANTED**.

2. All further proceedings in this action are hereby **STAYED** for a duration of **ninety (90) days** from the date of this Order or until a settlement is reached, whichever is sooner.

3. **Fifteen (15) days** prior to the expiration of such stay at the conclusion of ninety (90) days, the parties shall file a joint status report as to the progress of ongoing settlement discussions. At that point, the Court will consider the parties' status report and reassess the propriety of any further stay by written order.

4. If the parties' settlement discussions are not successful, either party may request the Court to reopen the case.

5. The Clerk shall **CLOSE** this case for administrative purposes only. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of May, 2022.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc: counsel of record